UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LIBERTY MUTUAL FIRE                )
INSURANCE CO.,                     )
                                   )
        Plaintiff/Counterclaim Defendant,  )
                                   )
    vs.                            )          Case No. 4:04CV21 JCH
                                   )
PORTIA SCOTT,                      )
                                   )
        Defendant/Counterclaimant  )

**MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant/Counterclaimant Portia Scott's Motion for a New Trial, filed October 18, 2005. (Doc. No. 73). For the reasons stated below, the Court will deny Defendant's motion.

Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed its original complaint in this Court, seeking a declaratory judgment as to its liability under a homeowner's insurance policy purchased by Scott. (Doc. No. 1). The parties presented their cases to a jury on July 25 and 26, 2005. At the close of all evidence, Liberty Mutual moved for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a). The Court granted Liberty Mutual's motion, and entered judgment as a matter of law for Liberty Mutual on all of its claims and on Scott's counterclaim. (Doc. No. 72). Scott now moves for a new trial.

Scott's home was damaged in a fire that was determined to have been set intentionally. She told Liberty Mutual, her insurance provider, that the value of her personal property was approximately $93,000. Less than one year before, Scott had filed for bankruptcy. In bankruptcy, she had stated that she owned only $7,340 worth of personal property. Liberty Mutual asserted that

it was not liable to pay under the policy both because Scott violated the concealment or fraud section of her insurance policy, and because she set intentionally set the fire. At trial, Scott had wanted to introduce evidence of her former boyfriend's harassment to show that he had set the fire, but the Court excluded it.

Scott presents three arguments for a new trial. First, she asserts that Liberty Mutual's judgment was granted based on an affirmative defense that was not pled in the complaint. Second, she contends that the evidence did not support judgment as a matter of law on Liberty Mutual's real property claim and Scott's counterclaim for damages. And third, she asserts that the Court erred in excluding evidence of harassment by Scott's former boyfriend.

## **DISCUSSION**

"The authority to grant a new trial on a motion pursuant to Federal Rule of Civil Procedure 59 is within the discretion of the district court." Douglas Cty. Bank & Trust Co. v. United Financial Inc., 207 F.3d 473, 478 (8th Cir. 2000). Here, the Court reviews its own decision to grant judgment as a matter of law. Judgment as a matter of law "is in order only where the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." Hinkle v. Christensen, 733 F.2d 74, 77 (8th Cir. 1984) (internal quotations omitted). "Where the evidence presented allows reasonable men in a fair exercise of their judgment to draw different conclusions the motion for directed verdict should be denied, but the case may be taken from the jury if no rational jury could find against the moving party." J.E.K. Industries, Inc. v. Shoemaker, 763 F.2d 348, 352 (8th Cir. 1985). The Eighth Circuit has further stated that a " mere scintilla of evidence is insufficient to present a question for the jury. There must be a conflict in the substantial evidence and not merely speculation or conjecture." Id. at 353. In addition, the admission of

evidence is "committed to the sound discretion of the district court." <u>Bevan v. Honeywell</u>, 118 F.3d 603, 612 (8th Cir. 1997).

Upon careful review of the record and application of the above standards, the Court finds Scott's contentions to be without merit.  No rational jury would be able to reconcile the difference between her stated personal property in the bankruptcy and in the insurance claim less than a year later.  Because of this material misrepresentation, she breached the contract and thus may not collect under either the personal property or the real property sections of the policy.[1]  In addition, the Court decided that, because there was no evidence that Scott's former boyfriend set the fire, testimony regarding his harassment of her was excluded because it was more prejudicial than probative. A new trial is not warranted under these circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant/Counterclaimant Scott's Motion for a New Trial (Doc. No. 73) is **DENIED**.


Dated this 19th day of January, 2006


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] When  ruling on the Rule 50 motion, the Court stated that Scott was judicially estopped from claiming $93,000 in personal property losses.  Scott argues that the doctrine of judicial estoppel does not apply here, as the bankruptcy valuation was not a statement made under oath during the course of a trial. <u>See</u> <u>Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.</u>, 4 F.3d 605, 609 (8th Cir. 1993) ("Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even though the parties in the second suit may not be the same as those in the first."). However, "even when the prior statements were not made under oath, the doctrine [of judicial estoppel] may be invoked to prevent a party from playing 'fast and loose with the courts.'"  <u>Id.</u> (citing <u>Konstantinidis v. Chen</u>, 626 F.2d 933, 937 (D.C.Cir.1980); <u>State ex rel. KelCor, Inc. v. Nooney Realty Trust, Inc.</u>, 966 S.W.2d 399, 403 (Mo. Ct. App. 1998).